## UNITED STATES v. RUTMAN.

District Court, S. D. New York.
June 8, 1939.

Gregory F. Noonan, U. S. Atty., of New York City (Dolores C. Faconti, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Harry Sacher, of New York City, for respondent.

GALSTON, District Judge.

The action is to cancel the respondent's naturalization certificate and is brought pursuant to Sec. 15 of the Naturalization Act of June 29, 1906, 8 U.S.C., Sec. 405, 8 U.S.C.A. § 405, on the alleged ground that the certificate was obtained fraudulently and illegally in violation of Secs. 357, 358, 379 and 382, 8 U.S.C., 8 U.S.C.A. §§ 357, 358, 379, 382.

The Government contends that the respondent made false statements with respect to his place of residence in that he did not reside at 52 Elm Street, West Brighton, Staten Island when he filed his petition for naturalization, and that he

stated he was not married when in fact he was, and that he was not a person of good moral character at the time of filing his petition and during the five years prior thereto.

The respondent was naturalized on March 17, 1928, in the Supreme Court of the State of New York for Richmond County.

The petitioner established that Esther Rutman contracted a common law marriage at New York City with the respondent on or about March 15, 1925.

This the respondent denies but admits that they lived together. He said that he came to the United States in March 1921 and that he resided in Staten Island from 1921 to 1928, living in the home of his aunt; that he was employed from time to time in New York as a house painter and kept an extra room in a furnished room house in Harlem at 106th Street. One day, on returning from work, he found Esther Rutman, then Esther Goldstein, in his room. According to his story she said that she had had an altercation with her mother and declared that she would not go home. She remained over night with him and thereafter they looked for other quarters, having decided to stay together. They moved to Mrs. Hollow's residence at St. Nicholas Avenue and 106th Street. The respondent testified that he was acquainted with Mrs. Hollow and he introduced the girl to her as Esther Goldstein. They remained at the Hollow residence for about a year or a little more, and then moved to an apartment located in 177th Street in the Bronx. Subsequently a child was born. They moved then to Rockaway Beach. The respondent denied that he had ever admitted that Esther Goldstein was his wife.

Esther Rutman, however, tells a much more likely story. In view of the continued cohabiting and the living together in four different places over a period of years, and the birth of a child, it seems that the respondent did hold Esther Rutman out as his wife. Particularly is this so in the light of the testimony of Mrs. Hollow, who apparently is a wholly disinterested witness. Mrs. Hollow occupied the premises with her husband and two children when the respondent and Esther lived with them. She testified that the respondent introduced Esther Rutman to her as his wife—before they lived with her. She had visited the Rutmans' while they were living in the furnished room in 106th Street and sent them a wedding gift. At her home the respondent's family visited, as did Esther Rutman's family, and the respondent introduced Esther as Mrs. Rutman throughout. The witness said: "Would you believe me, I never knew her as Goldstein. Since the trial came I never knew her name as being such. I knew her as Esther or Esther Rutman and never knew of any second name."

Mrs. Hollow's testimony entirely corroborates Esther Rutman's story that she married the respondent in November 1925.

Even the respondent admitted that Esther Rutman was known merely as Esther when they "lived in socialistic neighborhoods and at times she was known as Esther Rutman" when they "lived in conservative neighborhoods."

So too, I am unable to accept the testimony of the respondent that his residence, when he filed his petition on November 14, 1927, was with his aunt in Staten Island, for at that time he was living with Esther Rutman in New York as his wife.

The petitioner may have a decree cancelling the certificate of naturalization in accordance with the prayer of the petition.