## UNITED STATES v. INTRIERI.
### Civil Action No. 462.

District Court, M. D. Pennsylvania.

Aug. 1, 1944.

Herman F. Reich, Asst. U. S. Atty., of Lewisburg, Pa., for petitioner.

Carl B. Shelley, of Harrisburg, Pa., for respondent.

JOHNSON, District Judge.

This is a petition for cancellation of a naturalization certificate.

The Court makes the following findings of fact:

1. On October 27, 1927, Francesco Intrieri, a native of St. Pietro, in Guarano, Italy, filed in the Court of Common Pleas, Dauphin County, Harrisburg, Pennsylvania, his Declaration of Intention to become a citizen of the United States of America.

2. On August 11, 1930, Francesco Intrieri, filed his Petition for Citizenship, No. 2068, in the said Court.

3. On February 10, 1931, Francesco Intrieri appeared before the said Court of Common Pleas, Dauphin County, which, on that day, entered a decree admitting him to citizenship in the United States of America, and issued a Certificate of Citizenship which was numbered 3401102.

4. In his Declaration of Intention and in his Petition for Citizenship, Francesco Intrieri declared that the name of his wife was Emilia Bernardo Intrieri; that they were married October 25, 1913, in Italy, where the said Emilia Bernardo continues to reside; that he had three children, to wit: Rosina, Pasquale, and Pietro, born in Italy August 4, 1914, October 27, 1919, and May 28, 1921, respectively; and that these children continued to reside in the place of their birth.

5. Francesco Intrieri repeated these facts in his testimony at the final hearing before his appearance in Naturalization Court.

6. This cause came on to be heard in this court at which time the government presented proof in support of the Petition for Cancellation revealing that at the time Francesco Intrieri made his Declaration of Intention and presented his Final Petition, and also at the time of his final examination and appearance in court, he was in fact married to one Angelina, daughter of Giuseppe and Rosa Panza, a resident of St. Pietro, Guarano, Italy.

7. That the marriage occurred on October 17, 1908, and of this marriage a child was born July 22, 1909, named Stanislao.

The Court makes the following conclusions of law:

1. Section 4 of the Act of June 29, 1906, 34 Stat. 596, in force at that time, provided that a Petitioner for Naturalization must have been a person of good moral character during the period from the date of the filing of the petition up to the time of his admission to citizenship.

2. The respondent herein is legally married to Angelina Intrieri.

3. The respondent herein has engaged in an illicit relationship with Emilia Bernardo since October 25, 1913.

4. That the respondent is not a person of good moral character.

5. That the respondent is not entitled to retention of his certificate of citizenship.

### Discussion.

■ It is the contention of the government that, inasmuch as Francesco Intrieri was legally married and had not secured a divorce, and withheld information of that fact from the examiners and the court; and further, that inasmuch as the said Francesco Intrieri has been, as shown by the evidence, living in an adulterous relationship with Emilia Bernardo, by which relationship he had three children, he was not such a person of good moral character as is contemplated by the statute stating qualifications for admission to citizenship.

In defense of his action, the respondent, Francesco Intrieri, at the trial of this cause, admitted his marriage to Angelina Panza and the birth of the legitimate child, by that marriage, but stated that on his return to Italy in 1913, he discovered that Angelina had been unfaithful to her marriage vows and had run away with another man.

Respondent further testified that after having served in the Italian Army he was entitled to certain Governmental Military Benefits; that he entered into a relationship with Emilia Bernardo which he termed a common-law marriage; that his wife, Angelina, applied for the military benefits, but the Governmental Authorities refused her application, and made the payments to Emilia Bernardo; that this action by the Italian Governmental Authorities led the respondent, Francesco Intrieri, to believe that his relationship with Emilia Bernardo was thereby legalized.

This Court deems it necessary to cancel the respondent's Naturalization Certificate. While the record reveals that the respondent's wife was unfaithful to him and that for a long period he has faithfully discharged whatever duties he assumed with regard to Emilia Bernardo, nevertheless, his legal marriage to Angelina still exists and his relationship with Emilia cannot be termed a common-law marriage. It is an adulterous relationship and recognized as such in St. Pietro in Guarano, Italy, where Emilia and the three children born of the illicit relationship bear the name of Bernardo and not Intrieri.

The testimony of respondent that he did not reveal the fact of his marriage, because he thought the unfaithfulness of his wife terminated the marriage, is not credible. In Italy, where almost the entire population is Catholic, a divorce is not obtainable except under extraordinary circumstances. The respondent knew he had not been divorced, and the fact that the Italian authorities saw fit, under circumstances not revealed, to pay his military benefits to Emilia, could not lead him to believe he was divorced.

Evidence that at the time respondent was naturalized he had a common-law wife with whom he was living, contrary to statements as to his marriage status in his petition for naturalization, entitled the government to cancellation of his naturalization certificate on the ground that the respondent was not a person of good moral character. United States v. Rutman, D.C., 27 F.Supp. 891, 892.

■ Naturalization is a privilege granted by statutes and not a right, and there is no obligation upon the government to grant it, and statutory provisions concerning naturalization must be strictly observed. United States v. Zgrebec, D.C., 38 F.Supp. 127.

Evidence that defendant made false statements and concealed material facts with respect to defendant's marital status when defendant obtained citizenship papers, that defendant had two "wives" when admitted to citizenship and was then living in an adulterous relation with one wife, warranted conclusion that defendant obtained citizenship papers by "fraud" and that defendant was not a man of "good moral character," and justified cancellation of the certificate of citizenship, as against contention that defendant's difficulties arose through mistakes resulting from defendant's inability to understand the English language. United States v. Zgrebec, D.C., 38 F.Supp. 127, supra.

The respondent in this case could understand the English language, knew what a divorce was, and readily admitted at the trial that he was never divorced from his wife Angelina.

The fact remains that the petitioner contracted legal marriage with Angelina and concealed that fact from the Court.

The testimony of the witnesses who testified as to his good character is, in the light shed upon this matter by the record, rendered valueless. If these witnesses had known of the true facts concerning the legal marriage to Angelina, their testimony undoubtedly would have been different.

It is ordered, adjudged and decreed, that the Naturalization Certificate numbered 3401102 heretofore issued and granted to Francesco Intrieri on February 10, 1931, by the Court of Common Pleas, Dauphin County, Pennsylvania, whereby the said Francesco Intrieri was admitted to citizenship in the United States of America be, and the same hereby is, set aside and cancelled, and the final order heretofore made on the said tenth day of February, 1931, admitting said Francesco Intrieri to citizenship, is hereby revoked, set aside and declared void.

And it is further ordered that the Clerk transmit a certified copy of this order to the Clerk of the Court of Common Pleas of Dauphin County, at Harrisburg, Pennsylvania, for the purpose of entering the same of record and for the purpose of cancelling said original Naturalization Certificate upon the Records of said Court, and notifying the Commissioner of Immigration and Naturalization thereof.

And it is further ordered that the Clerk of this Court transmit a certified copy of this order and decree to the Commissioner of Immigration and Naturalization.

And it is further ordered that the said Francesco Intrieri surrender the said Naturalization Certificate to the Clerk of the United States Court in and for the Middle District of Pennsylvania for cancellation, whereupon the said certificate shall be transmitted to the Bureau of Naturalization, United States Department of Labor, by the said Clerk with a certified copy of this decree.

And it is further ordered that, upon failure of the defendant to deliver, within fifteen days from the date of this order, the Certificate of Citizenship as herein provided, then, upon the expiration of the said period of fifteen days aforesaid, this decree shall become valid and effectual for the cancellation of the said certificate; and after the expiration of the aforesaid fifteen days, the said Naturalization Certificate shall become null and void.